UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE DR. HUEY P. NEWTON FOUNDATION, INC.,<br><br>        Plaintiff,<br><br>-against-<br><br>CAFEPRESS.COM, INC.,<br><br>        Defendant. | CASE NO.: 11 CIV 3476 (HB)<br><br>ECF Case<br><br>**DEFENDANT CAFEPRESS.COM, INC.'S OPPOSITION TO PLAINTIFF THE DR. HUEY P. NEWTON FOUNDATION, INC.'S MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA AND REPLY IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE TO THE EASTERN DISTRICT OF CALIFORNIA** |

Jill M. Pietrini
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Blvd.
Los Angeles, CA 90036
Tel.: (310) 312-4000
Fax.: (310) 312-4224

Shannon S. King
MANATT, PHELPS & PHILLIPS, LLP
One Embarcadero Center, 30th Floor
San Francisco, CA 94111
Tel.: (415) 291-7400
Fax.: (415) 291-7474

Anthony J. Staltari
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, NY 10036
Tel.: (212) 790-4500
Fax.: (212) 790-4545

*Attorneys for Defendant
CafePress.com, Inc.*

I. **SUMMARY OF THE PRESENT DISPUTE**

Plaintiff The Dr. Huey Newton Foundation, Inc. ("Plaintiff") initiated this action in a forum with little connection to the facts of the case. Both parties agree that the totality of the §1404 factors favors transfer of this matter to courts in California – the parties disagree as between the Eastern District of California and the Northern District of California. Because Plaintiff indisputably resides in the Eastern District of California, and because Defendant CafePress.com, Inc. ("CafePress") has submitted to venue in the Eastern District of California, CafePress respectfully submits that transfer to the Eastern District of California is the more convenient and fair choice.

II. **BRIEF PROCEDURAL BACKGROUND**

Plaintiff filed this action on May 20, 2011 [*Dkt. No.* 1]. On June 13, 2011, CafePress moved to transfer the action to Plaintiff's home judicial district of the Eastern District of California ("Eastern District") [*Dkt. No.* 6]. Three days later, Plaintiff offered to stipulate to transfer the case to the San Francisco or Oakland divisions of the Northern District of California ("Northern District") [Ex. 8 to *Dkt. No.* 18 & Ex. A to *Dkt. No.* 23]. The next day, Plaintiff filed an Amended Complaint on June 17, 2011, which among other things included a few additional facts and replaced certain New York state causes of action with California state causes of action [*Dkt. No.* 13]. After reviewing the Amended Complaint, CafePress filed its renewed motion for transfer to the Eastern District on June 30, 2011 [*Dkt. No.* 15]. Plaintiff filed its cross-motion to transfer this action to the Northern District of California on July 18, 2011 [*Dkt. No.* 20].

III. **CONSIDERATION OF THE RELEVANT §1404 FACTORS SUPPORTS THE EASTERN DISTRICT AS THE MORE CONVENIENT AND FAIR FORUM FOR LITIGATING THIS DISPUTE**

CafePress vehemently denies Plaintiff's characterization of its actions as trying to "shoehorn this matter in the Eastern District . . . for the sole and improper purposes of avoiding

1

the jury pool" in the Northern District.[1]  It is Plaintiff who brought this case to New York for the improper purpose of trying "to reduce the cost of its chosen counsel's time."[2]  It is Plaintiff who has filed an opposition to transfer this case to the jurisdiction of its residence and seeks transfer to a district where the courts are potentially farther away for all parties instead.[3]  Most notably, it is Plaintiff who has failed to offer a clear and convincing reason for litigating this matter in the Northern District instead of the Eastern District.

28 U.S.C. §1404 does not require transfer to the most convenient venue possible.  This Court has broad discretion to transfer this case to any district in which it may have been brought.  *See Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005) ("Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice."); *see also Red Bull Associates v. Best Western Int'l*, 862 F.2d 963, 967 (2d Cir. 1988) (stating that district courts have considerable discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness).  Here, CafePress respectfully submits that transfer to the Eastern District will be the most fair and convenient outcome for both parties under a totality of the circumstances.

    **A.**    <u>**Plaintiff's Cross-Motion Relies Primarily Upon Two Misconceptions**</u>

        **1.**    **Because the Northern District Assigns Intellectual Property Cases on a District-Wide Basis, Any Geographic Calculations Must Include San Jose and Eureka as well as San Francisco and Oakland**

First, Plaintiff omits 50% of the relevant courthouses in the Northern District in its representations involving geographic distances.  Plaintiff points out, correctly, that intellectual property actions filed in the Northern District are assigned on a district-wide basis.[4]  Yet, all of

---

[1]    Plaintiff's Cross-Motion at 1-2.
[2]    Plaintiff's Cross-Motion at 1.
[3]    *See* Section III.A.1 *infra*.
[4]    *See* N.D. Cal. Civil Local Rule 3-2(c) [Ex. D. to *Dkt. No.* 23].

Plaintiff's arguments for convenience hinge on the proximity of the parties, certain witnesses, documents, and locus of operative facts to Oakland or San Francisco only – Plaintiff ignores half of the Northern District courts which are located in the cities of San Jose and Eureka.

Because this case would be subject to assignment on a district wide basis, Plaintiff's arguments as to convenience based solely on considerations tied to Oakland or San Francisco are inaccurate. Notably, both the San Jose and Eureka courthouses are located *farther* from Plaintiff than the Sacramento courthouse[5] – San Jose is approximately 67 miles from Plaintiff's headquarters, and Eureka is approximately 266 miles from Plaintiff's headquarters.[6] Comparing the locations of the parties with all the potential courthouses paints a very different picture than submitted by Plaintiff in its cross-motion:

|  | **Distance to Relevant Courthouse** | | | | |
|  | **N.D. Cal.** | | | | **E.D. Cal.** |
|  | *SF* | *Oakland* | *San Jose* | *Eureka* | *Sacramento* |
| Plaintiff | 33 | 27 | **67** | **266** | 60 |
| Defendant | 22 | 28 | 30[7] | 292 | 110 |

In summary, half of the courthouses of the Northern District are just as far or farther from Plaintiff than its home court in Sacramento. Any consideration of the Northern District in the convenience analysis must compare the entire district (San Francisco, Oakland, San Jose and Eureka), not just the part favorable to Plaintiff, to Sacramento.

>   2. **Any Alleged Inconvenience of the Eastern District as to CafePress Does Not Matter for Purposes of the Section 1404 Analysis**

Secondly, any assertion that the Eastern District is inconvenient for CafePress and its

---

[5] Sacramento is the only relevant courthouse implicated in the Eastern District because this matter would not be subject to a district-wide assignment in the Eastern District. *See* Declaration of Shannon S. King In Support of Defendant's Opposition to Plaintiff's Cross-Motion to Transfer ¶2 and Exhibit 1 thereto.
[6] *See* King Decl. ¶3 and Exhibit 2 thereto.
[7] *See* King Decl. ¶4 and Exhibit 3 thereto.

witnesses made by Plaintiff should not be considered as part of the § 1404 analysis because CafePress has submitted to venue in the Eastern District.  *See Ontel Prods. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1154 (S.D.N.Y. 1995) (Baer. J.) (a "party can waive its inconvenience by agreeing to venue in a district that actually is not the most convenient forum for it.).  Here, as in *Ontel* and *Williams v. National Hous. Exch., Inc.*, by consenting to litigate in the venue located farther away from its location, CafePress "remove[s] from the section 1404(a) balancing exercise [its] inconvenience that would otherwise support" Plaintiff's transfer motion.  898 F. Supp. 157, 161 (S.D.N.Y. 1995) (Baer, J.).  CafePress freely admits that it would prefer to avoid a pool of potential jurors from the Northern District, as it described in its motion, but the reason that CafePress has waived any arguments as to inconvenience of the Eastern District does not matter.  *See Ontel Prods.*, 899 F. Supp. at 1154 ("It is generally immaterial as to what motivates the party to waive its inconvenience.").  CafePress would also prefer not to risk potentially having to travel over 200 miles to a courthouse in Eureka when the parties can avoid a random assignment system by transferring to the Eastern District.

      **B.**      **<u>Plaintiff's Remaining Arguments for the Northern District Over the Eastern District Fall Short of Proving Legally Significant Inconvenience</u>**

In light of the possibility of assignment to San Jose or Eureka as well as San Francisco or Oakland and the acquiescence of CafePress to the Eastern District, the perceived inconvenience of litigating in Sacramento is considerably lessened.  In any case, the two proposed districts are next door neighbors.  The degree of inconvenience between neighboring districts has been found by this Court to be insignificant in analyzing transfer under §1404.  *See, e.g., Ontel Prods. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1155 (S.D.N.Y. 1995) (Baer, J.) (discounting party's claim that transfer to District of New Jersey would be inconvenient in comparison to Southern District of New York); *Sandiford v. City of New York*, 2010 U.S. Dist. LEXIS 83238,

4

\*5 (S.D.N.Y. Aug. 10, 2010) (Baer, J.) (granting Defendant's motion to transfer from Southern District of New York to Eastern District of New York, where Plaintiff resided, although Defendant resided in Southern District). The Eastern District is adjacent to the Northern District and, unlike the case of New York and New Jersey, the districts do not straddle a state line.

1. **The Material Witnesses Must Travel Anyway**

In applying the §1404 analysis, courts in this District have held that the fact that a party must travel anyway to mean that the distance to be travelled is legally insignificant even where such potential distance equals thousands of miles, not just tens of miles as in the present case. *Atl. Recording Corp. v. Project Playlist, Inc.*, 603 F. Supp. 2d 690, 696 (S.D.N.Y. 2009) ("fact that a party must travel anyway means that it is not significant that the flight from the Central District of California to the Northern District of California is shorter than the flight from the Central District of California to this District"). *See also Eslworldwide.com, Inc. v. Interland, Inc.*, 2006 U.S. Dist. LEXIS 41935, at \*12 n.2 (S.D.N.Y. June 21, 2006) (holding that burden of traveling several more hours where party must travel anyway not legally significant); *Coker v. Bank of Am.*, 984 F. Supp. 757, 765 (S.D.N.Y. 1997) (same); *Can. Kennel Club v. Cont'l Kennel Clu*b, 1997 U.S. Dist. LEXIS 9159, at \*7 n.3 (S.D.N.Y. June 23, 1997) (same). The closest potential courthouse to Plaintiff is about 30 miles away from its headquarters; Plaintiff will have to travel regardless of where the case is litigated. Notably, if the case is transferred to the Eureka Division of the Northern District, both parties may need to travel over 200 miles.

Moreover, Plaintiff indicated an initial willingness to travel thousands of miles to New York by filing suit in this district. If the case is transferred to the Northern District, it may need to travel anywhere from 27 to 266 miles. Therefore, the fact that it may need to travel 60 miles to the courthouse in Sacramento does not equate inconvenience for purposes of a §1404 analysis. Moreover, CafePress reiterates that it has offered to stipulate that depositions of all party

5

witnesses take place in San Francisco.[8]

### 2. Any Incidental Factors Weighing For Transfer to the Northern District Under the §1404 Analysis Are Negligible

Any convenience to be found in the Northern District under the remaining §1404 factors is negligible. For example, the location of potential third party witnesses does not matter where there is no indication that any of the third party witnesses identified thus far would be unwilling to testify. *See Farberware Licensing Co. LLC v. Meyer Marketing Co., Ltd.*, 2009 U.S. Dist. LEXIS 40782, *7 (S.D.N.Y. May 14, 2009) (Baer, J.) (denying transfer although this District would have no authority to compel unwilling California witnesses to testify). Moreover, in this case, CafePress submits that Lindsay Moore is willing to testify in the Eastern District, and the materiality of Allan Korn's and/or Margaret Tobias' testimony has not been determined.[9] The greater number of witnesses in a certain district is not necessarily determinative as the "court must qualitatively evaluate the materiality of the testimony that the witnesses may provide." *ESPN, Inc. v. Quiksilver*, 581 F. Supp. 2d 542, 547 (S.D.N.Y. 2008).

Additionally, the nature of this action also renders any alleged inconvenience as between the Eastern and Northern Districts inconsequential. Plaintiff alleges claims of infringement of a federally registered mark based upon online sales to customers throughout the country through CafePress' nationally accessible website.[10] The marks at issue are registered in the Eastern District.[11] Although Defendant's offices are located in the Northern District, the website and products at issue are available nationwide. *See Toy Biz, Inc. v. Centuri Corp.*, 990 F. Supp. 330, 331-32 (S.D.N.Y. 1998) (finding trademark infringement action had "significant connection" to forum where plaintiff's principal place of business was in that forum and allegedly infringing

---

[8] *See* King Decl. ¶5 and Exhibit 4 thereto.
[9] *See* King Decl. ¶6.
[10] *See* Amended Complaint at 11-12.
[11] *See* Amended Complaint at 7-9 and Exhibits G-I thereto.

products were sold throughout the country). Similarly, "although some courts have noted that the bulk of relevant documents in a trademark infringement action is likely to be located at the principal offices of the alleged infringer, so too has it been repeatedly noted that '[i]n an era of electronic documents, easy copying and overnight shipping, this factor assumes much less importance than it did formerly.'" *Farberware Licensing Co. LLC*, 2009 U.S. Dist. LEXIS 40782 at*6, *citing ESPN*, 581 F. Supp. 2d at 548.

### C. In The Interests Of Justice, The Court Should Encourage Litigants to File Suit in Appropriate Venues

Plaintiff does not dispute that the Eastern District is more convenient than the Southern District of New York (where it initiated this action) – yet, instead of submitting to CafePress' initial motion to transfer (to its headquarters), Plaintiff decided to amend its complaint and submit a cross-motion for transfer to the Northern District.

Plaintiff has offered no facts connecting this dispute to New York beyond the conclusory venue allegations in its Amended Complaint. Instead, it admits that it chose to file in this District "in order to reduce the cost of its chosen counsel's time and expense in conducting a trial on the opposite coast." Courts in this district considering motions to transfer have held that such behavior may indicate forum shopping. *See Capitol Records, Inc. v. Optical Recording Corp.*, 810 F. Supp. 1350, 1353 (S.D.N.Y. 1992) ("forum shopping occurs when a litigant selects a forum with only a slight connection to the factual circumstances of his action."). *See also Unique Indus. v. Lisa Frank, Inc.*, 1994 U.S. Dist. LEXIS 13590, *10-11 (S.D.N.Y. Sept. 22, 1994) (party "chose to defend those claims in a forum convenient to [it] and its counsel. Such a strategy, while perhaps understandable, is nonetheless forum shopping and will not be sanctioned here."). The same is true here. Plaintiff engaged in forum shopping when it filed this case in the Southern District of New York, and is now scrambling to have the case transferred to the

7

Northern District of California, but only in the San Francisco or Oakland divisions, because it benefits Plaintiff in terms of the potential jury pool. Such conduct is not an appropriate basis to transfer the case to the Northern District of California as requested by Plaintiff.

Notably, Plaintiff has not offered a compelling reason why it does not want to proceed in the Eastern District. Its headquarters are indisputably located in the Eastern District, and Plaintiff admits that activities related to Plaintiff's enterprise take place there. Given that Plaintiff has a 50/50 chance of a Northern District court being either closer to or farther from the court in Sacramento, any facts relating to the distance between the parties and the courthouses must be discounted.

The only remaining facts offered by Plaintiff relate to Plaintiff's historical ties to and activity in the city of Oakland; Plaintiff's cross-motion describes Oakland as "the center of its educational and community efforts" where Mr. Hilliard maintains a "regular presence" and "where he conducts tours and lectures."[12] Yet, such historical ties alone only reinforce CafePress' concerns regarding the potential bias among the pool of jurors from the Northern District. CafePress submits that Plaintiff's deep personal connection with Oakland in addition to Plaintiff's initial attempt to proceed in a forum with only slight connection with the facts of the case militate for transfer of this matter to the most non-controversial and unquestionably convenient forum, the Eastern District.

## IV.   CONCLUSION

For the reasons stated above and in CafePress' moving papers, CafePress respectfully requests that the Court grant CafePress' motion to transfer this action to the Eastern District of California and deny Plaintiff's cross-motion for transfer to the Northern District of California.

---

[12]   Plaintiff's Cross-Motion at 1, 3.

                                          Respectfully submitted,

| | |
|---|---|
| Dated: July 26, 2011<br>      New York, New York | By: <u>s/ Anthony J. Staltari</u><br>Jill M. Pietrini (*pro hac vice*)<br>MANATT, PHELPS & PHILLIPS, LLP<br>11355 West Olympic Blvd.<br>Los Angeles, CA 90036<br>Tel.: (310) 312-4000<br>Fax.: (310) 312-4224<br><br>Shannon S. King (*pro hac vice*)<br>MANATT, PHELPS & PHILLIPS, LLP<br>One Embarcadero Center<br>San Francisco, CA 94111<br>Tel.: (415) 291-7400<br>Fax.: (415) 291-7474<br><br>Anthony Staltari<br>MANATT, PHELPS & PHILLIPS, LLP<br>7 Times Square<br>New York, NY 10036<br>Telephone: (212) 790-4500<br>Facsimile: (212) 790-4545<br><br>*Attorneys for Defendant*<br>CafePress.com, Inc. |

300358167.2